**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

9/18/15

*Dorian E. Ramirez*

CLERK

ACCEPTED
13-15-00175-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/18/2015 10:53:39 AM
Dorian E. Ramirez
CLERK

Cause No. 13-15-00175-CV

# IN THE COURT OF APPEALS
## FOR THE THIRTEENTH DISTRICT OF TEXAS
## CORPUS CHRISTI - EDINBURGH

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/18/2015 10:53:39 AM
DORIAN E. RAMIREZ
Clerk

### DOYLE WELLS, SEA OATS INVESTMENTS I, L.P. f/k/a LAMKIN PROPERTIES LIMITED PARTNERSHIP, and QUIXOTE DUNES, INC.,
**Appellants,**

**vs.**

### TOWN OF SOUTH PADRE ISLAND,
**Appellee.**

*On appeal from the 138th Judicial District Court,*
*Cameron County, Texas*
*In Cause No. 2015-DCL-2139-B*

==========================================================

## FIRST AMENDED BRIEF OF APPELLANT

==========================================================

*Counsel of Record:*

PRATT, AYCOCK & ASSOCIATES, PLLC
Michael B. Halla
State Bar No. 24010082
18383 Preston Rd.
Suite 110
Dallas, Texas 75252
(214) 473.5551
(972) 805.0929 Fax

*ATTORNEYS FOR APPELLANTS*

*Oral Argument Requested*

i

## IDENTITY OF PARTIES AND COUNSEL

**Appellants:  Doyle Wells, Sea Oats Investments I, L.P., f/k/a Lamkin Properties Partnership, and Quixote Dunes, Inc. v. Texas Department of Transportation and Town of South Padre Island, Texas**

  Wells' trial and
  appellate counsel:     PRATT, AYCOCK & ASSOCIATES, PLLC
              Michael B. Halla
              State Bar No. 24010082
              18383 Preston Rd.
              Suite 110
              Dallas, Texas  75252
              (214) 473.5551
              (972) 805.0929 Fax

**Appellee:  Town of South Padre Island, Texas**

  Town of South Padre Island's
  trial and appellate counsel:   LAW OFFICES OF PAUL Y. CUNNINGHAM, JR, PC
              P.O. BOX 2729
              South Padre Island, Texas 75206
              (214) 550-0264
              214.550.0283 (Fax)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................... ii

INDEX OF AUTHORITIES.................................................................................... iv

STATEMENT OF THE CASE.................................................................................2

ISSUES PRESENTED..........................................................................................2

STATEMENT OF THE FACTS .............................................................................2

SUMMARY OF THE ARGUMENT ......................................................................3

ARGUMENT .........................................................................................................5

    *Issue No. 1*..................................................................................6

WHETHER THE TRIAL COURT ERRED IN GRANTING THE TOWN OF SOUTH PADRE ISLAND'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THE TOWN SHOWED IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE IT ACTED AS A PRIVATE CONTRACTOR OF THE TEXAS DEPARTMENT OF TRANSPORTATION.

    *Issue No. 2*................................................................................11

WHETHER THE TRIAL COURT ERRED IN GRANTING THE TOWN OF SOUTH PADRE ISLAND'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THE TOWN SHOWED IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF WHETHER IT HAD PERFORMED AN INTENTIONAL ACT TAKEN PROPERTY IN VIOLATION OF ARTICLE I, SECTION 17 OF THE TEXAS CONSTITUTION.

PRAYER...............................................................................................................15

CERTIFICATE OF SERVICE .............................................................................16

CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(3)...........................20

APPENDICES .....................................................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Allen Keller Co. v. Foreman,*
    343 S.W.3d 420 (Tex. 2011) ................................................................ 7, 8

*City of Dallas v. Jennings,*
    142 S.W.3d 310 (Tex.2004) ................................................................. 13

*City of Houston v. Boyle,*
    148 S.W.3d 171 (Tex. App. – Houston [14th Dist.] 2004, no pet.) .............. 7

*City of Houston v. Clear Creek Basin Auth.,*
    589 S.W.2d 671 (Tex. 1979) ................................................................. 6

*City of Keller v. Wilson,*
    168 S.W.3d 802 (Tex. 2005) ........................................................ 5, 13, 15

*City of San Antonio v. Pollock,*
    284 S.W.3d 809, 812 (Tex. 2009) ...................................................... 13, 15

*Futerfas v. Park Towers,*
    707 S.W.2d 149 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) ......................... 6

*Glade v. Dietert,*
    156 Tex. 382 (Tex. 1956) .................................................................. 7, 8

*Grace v. Titanium Electrode Prods., Inc.,*
    227 S.W.3d 293 (Tex.App.-Houston [1st Dist.] 2007, no pet.) ................... 6

*McConnell v. Southside Indep. Sch. Dist.,*
    858 S.W.2d 337 (Tex.1993) ................................................................. 6

*M.D. Anderson Hosp. & Tumor Inst. v. Willrich,*
    28 S.W.3d 22 (Tex.2000) .................................................................... 6

*Provident Life Accid. & Ins. Co. v. Knott,*
    128 S.W.3d 211 (Tex. 2003) ................................................................ 5

*Rizkallah v. Conner*,
     952 S.W.2d 580 (Tex.App.-Houston [1st Dist.] 1997, no pet.) .......................... 6

*Sci. Spectrum, Inc. v. Martinez,*
     941 S.W.2d 910 (Tex. 1997) ........................................................................ 5

*Steele v. City of Houston,*
     603 S.W.2d 786 (Tex. 1980) ...................................................... 7, 13, 14, 15

*Tarrant Regional Water District v. Gragg,*
     151 S.W.3d 546 (Tex. 2004) ..................................................................... 13

*Texas Highway Dep't v. Weber*,
     219 S.W.2d 70 (1949) ............................................................................... 13

*Valence Operating, Co. v. Dorsett,*
     164 S.W.3d 656 (Tex. 2005) ....................................................................... 5

**Statutes**

TEX. LOC. GOV'T CODE §251.001 ................................................................ 7

TEX. LOC. GOV'T CODE §251.002 ............................................................. 7, 10

TEX. PROP. CODE §21…………………………………………………………7, 10

**Constitutions**

Texas Constitution, Article 3, §52(a)…………………………………………10, 11

**Rules**

TEX. R. CIV. P. §166a(c)……………………………………………………… .5

**TO THE HONORABLE COURT OF APPEALS:**

Doyle Wells, Sea Oats Investments I, L.P., f/k/a Lamkin Properties Partnership, and Quixote Dunes, Inc. respectfully submit this brief in support of their claims.

## STATEMENT OF THE CASE

This appeal stems from an original action brought by Doyle Wells, Sea Oats Investments I, L.P., f/k/a Lamkin Properties Partnership, and Quixote Dunes, Inc. (collectively "Wells"), seeking damages for inverse condemnation against the Town of South Padre Island ("SPI") and the Texas Department of Transportation ("TXDOT"). (1 CR 5).

On September 25, 2013, SPI filed a Motion for Summary Judgment. (2 CR 205). A hearing was held on SPI's Motion for Summary Judgment on November 19, 2013. (2 RR 4). On June 30, 2014, the Honorable Arturo Nelson of the 138th Judicial District Court signed an order granting SPI's Motion for Summary Judgment. (4 CR 34).

On July 19, 2014, SPI filed a Motion for Severance. (4 CR 58). On September 30, 2014, a hearing was held on SPI's Motion for Severance which was granted orally. (3 RR 19:9-10). On March 24, 2015, Judge Nelson signed an order granting SPI's Motion for Severance. (5 CR 256).

Subsequently, Wells filed a Motion for New Trial on December 22, 2014. (5 CR 124). At a hearing on the Motion for New Trial on March 26, 2015, this

1

motion was denied. (5 RR 4). The Reporter's Record was filed with this Court on July 28, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rules of Appellate Procedure 38.1, 39.1 and 39.2, Appellant respectfully requests oral argument before this Thirteenth Court of Appeals. This is a meritorious appeal of the erroneous grant of a summary judgment, and although Appellant represents the facts and legal arguments are thoroughly presented in this brief and in the record, Appellant also believes that the decisional process of the Thirteenth Court of Appeals will be significantly aided by oral argument.

This appeal includes the complex issue of whether the trial court erred in holding that Appellee met its burden of proof showing itself entitled to a judgment on a matter of law as to whether a governmental entity who takes private property can shield itself from constitutional mandates of providing adequate compensation by claiming to be a "private contractor" of another governmental entity. This principle has far-reaching effects across the State and, as such, Appellant believes oral argument will better help this Court understand the legal arguments Appellant makes. Appellant, therefore, respectfully requests oral argument.

## ISSUES PRESENTED

WHETHER THE TRIAL COURT ERRED IN GRANTING THE TOWN OF SOUTH PADRE ISLAND'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THE TOWN SHOWED IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW IT ACTED AS A PRIVATE CONTRACTOR OF THE TEXAS DEPARTMENT OF TRANSPORTATION.

WHETHER THE TRIAL COURT ERRED IN GRANTING THE TOWN OF SOUTH PADRE ISLAND'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THE TOWN HAD NOT PERFORMED AN INTENTIONAL ACT SHOWING IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF WHETHER IT HAD TAKEN PROPERTY IN VIOLATION OF ARTICLE I, SECTION 17 OF THE TEXAS CONSTITUTION.

## STATEMENT OF FACTS

Plaintiffs filed suit against the State and SPI for their compensable taking of Plaintiffs' property, namely, the valuable sand that exists on the property owned by Plaintiffs, specifically, the two hundred (200) foot wide easement known as "Park Road 100." (1 CR 5). This easement crosses seven (7) tracts of property, all of which are owned by the Plaintiffs. (1 CR 5). The easement is for the benefit of the State to use solely for purposes of repair and roadway maintenance while the legal ownership of the land remains with Plaintiffs. (1 CR 42). The compensable removal of the sand by the State and SPI resulted in the loss of large amounts of the Plaintiffs' property, and also caused the dunes to collapse. Further, this compensable taking by SPI and the State was for the benefit of the public, namely, the beaches of the Town of South Padre island where it was used to prevent erosion. (2 RR 10:5-6).

## SUMMARY OF THE ARGUMENT

The trial court erred in holding that SPI showed itself entitled to judgment as a matter of law that there was no fact that SPI performed an intentional act so as to be liable for a taking of Wells' property as the evidence, in fact, showed, as a

matter of law, SPI acted intentionally with knowledge the damage that did occur was substantially certain to occur at the time SPI acted.

Texas law holds that an intentional act which the government would have to perform to be held liable for a taking in Texas has been determined to be affirmative conduct which causes damage, destruction or a taking of property and covers situations where the government knows that a specific act is causing identifiable harm or that specific property damage is substantially certain to result from authorized government action.

In this instance, SPI was on notice the sand on Park Road 100 was owned by Wells. They proceeded anyway. The evidence showed, and SPI's attorney provided statements helpful to Wells, SPI performed the intentional taking. They provided the trucks for their own beach renovation project which (literally) took the sand off Park Road 100 to their own beach to be used to prevent erosion.

SPI is a home rule municipality in the State of Texas. It is imbued with eminent domain authority by statute. It may not take property without due process being satisfied. The trial court erred in granting SPI's summary judgment as an entity imbued with eminent domain authority may not take property without due process being satisfied and adequate compensation, as a matter of law. The fact SPI argues it was a private contractor would allow the conclusion that any municipality working with TXDOT may just claim "private contractor" and take property without due process and the Texas constitution being satisfied.

In the alternative, and only in the alternative, that an entity vested with eminent domain authority may still be a private contractor, the trial court erred in granting SPI judgment as a matter of law as SPI failed to meet its burden and show, as a matter of law, that it was, in fact, a private contractor in this instance.

**ARGUMENT AND AUTHORITIES**

**I.**

*Standard of Review*

A trial court's grant of summary judgment is reviewed de novo. *Valence Operating, Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life Accid. & Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant a judgment as a matter of law. TEX. R. CIV. P. 166a(c).

When reviewing a summary judgment, the reviewing court should take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). A defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc.*, 941 S.W.2d at 911. Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the defendant establishes its right to

5

summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

A summary judgment motion also must stand or fall on its own merits; the movant is not entitled to judgment by default. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 (Tex.1993); *see also Futerfas v. Park Towers,* 707 S.W.2d 149, 155 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (non-movant's lack of response cannot supply by default summary-judgment proof necessary to establish movant's right). Further, because a summary judgment motion must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law. *Grace v. Titanium Electrode Prods., Inc.,* 227 S.W.3d 293 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22 (Tex.2000) and *Rizkallah v. Conner,* 952 S.W.2d 580, 582 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

    A. WHETHER THE TRIAL COURT ERRED IN GRANTING THE TOWN OF SOUTH PADRE ISLAND'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THE TOWN SHOWED IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW IT ACTED AS A PRIVATE CONTRACTOR OF THE TEXAS DEPARTMENT OF TRANSPORTATION.

*Applicable Law*

The governing bodies of municipalities in Texas have been specifically imbued with the right of eminent domain to acquire public or private property for

a public purpose. TEX. LOC. GOV'T CODE §251.001. Further, any municipality exercising the power of eminent domain under said section ***must*** do so in accordance with Chapter 21 of the Texas Property Code. TEX. LOC. GOV'T CODE §251.002. A landowner whose property had been taken, damaged, destroyed for, or applied to public use without adequate compensation may bring an inverse condemnation claim pursuant to article I, section 17 of the Texas Constitution. *City of Houston v. Boyle*, 148 S.W.3d 171, 177 (Tex. App. – Houston [14th Dist.] 2004, no pet.). The Texas Constitution therefore waives governmental immunity from suit and liability "for the taking, damaging or destruction of property for public use." *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980). Consequently, the Texas Supreme Court has recognized "taking," "damaging," and "destruction" of property as three distinct claims arising under Article I, Section 17 of the Texas Constitution. *Id.*

*Application to Facts*

In its Motion for Summary Judgment (2 CR 210) and in arguing against Wells' Motion for New Trial on the granting of the summary judgment (5 RR 13), SPI relies on *Glade v. Dietert*, 295 S.W.2d 642 (Tex. 1956) for the proposition that their "position in this case is analogous to that of the contractor in *Glade*." (2 CR 210).

This reliance is grievously misplaced and their rationale inapposite. The Supreme Court stated the holding of Glade is to be interpreted very narrowly. In *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 424 (Tex. 2011), the Court stated:

7

"Our holding in *Glade* stands for the limited proposition that to the extent it *operates with the parameters of the governing contract*, a contractor is justified in assuming that the governmental entity has procured the necessary right-of-way." (Emphasis added). On two different occasions, the *Glade* Court pointed out the basis of Glade's relief, and the deciding factor for them to grant his requested relief, was his *contractual* relationship with the City of Fort Worth. *Glade* 295 S.W.2d at 643, 644.

In analyzing the Court's statement in *Allen Keller*, two factors immediately become apparent which distinguish *Glade* from the position of SPI. Initially, SPI never offered into evidence a copy, or even referenced the existence of, a written contract with TXDOT. As noted, the entire basis of the relief granted to Glade, was the contract he had with Fort Worth. Without a contract, there would be no basis for relief. As also noted above, this was reiterated by the *Allen Keller* court.

Not only did SPI fail to allege or argue the existence any kind of oral contract or claim for quantum meruit, it failed to argue the existence of *any* contractual relationship with TXDOT. By failing to establish it had a contract with TXDOT, or that any contractual relationship of any kind existed, SPI failed to meet its burden and show itself entitled to judgment as a matter of law on this issue. Consequently, there was no basis to conclude as a matter of law that SPI was a private contractor of TXDOT and the trial court's grant of summary judgment should be reversed.

8

Further, the evidence existing on record raises a fact issue for whether a contractual relationship existed. In a discourse with TXDOT *initiated* by SPI, it's Public Works Director, Scott Fry, states: "This letter is to request your agency's help with our beach re-nourishment efforts….I am hereby requesting that your agency allow the Town to utilize the sand that is removed, by TXDOT from the PR 100 right-of-way, for beach re-nourishment purposes" (1 CR 244).

Next, the record further reflects there was no business arrangement between TXDOT and SPI. In a March 5, 2008 letter to Cameron County Judge Carlos H. Cascos, Mario Jorge, SPI's Engineer at the time, stated "…the Town of South Padre Island has *requested our assistance* in the beach re-nourishment process…" (1 CR 211). (Emphasis added). There was no mention of a contract. There was no mention, in fact, of any contractual obligation owed by either side. The words "assistance" means to "help", "aid", or "support". (Dictionary.com). It is not a term generally, typically or normally used by a party who is owed a contractual duty. Further, Scott Fry, SPI's Public Works Director was "cc'd" on this letter. He did not attempt to clarify, disagree or in any other manner dispute the mutual cooperation described by Mr. Jorge.

These letters alone are sufficient to reasonably raise a fact issue as to whether a contractual relationship existed between SPI and TXDOT. The fact is SPI initiated contact with TXDOT. The fact SPI requested TXDOT's help to "allow" it (SPI) to "utilize the sand that is removed" smacks it's own "private contractor" argument in the face.

9

As a governmental entity, SPI is *specifically* mandated that the only way in which it can condemn property is after it has followed the procedures as detailed in Texas Property Code section 21. TEX. LOC. GOV'T CODE §251.002. Among other things, the condemnor must make both a preliminary and final offer to purchase the property, file a petition for condemnation, have a special commissioners appointed and a hearing set, conduct the hearing, and then take possession of the property. TEX. PROP. CODE §21, *et. seq.* What SPI attempts to do is evade liability by hiding behind its argument of being a "private contractor". The trial court erroneously agreed with this reasoning. What this rationale does, in effect, is cause the Texas Constitution to be impotent. Taking this rationale to its logical conclusion would have the legal effect of allowing any governmental entity to use TXDOT for their public use projects and claim "private contractor" status, thereby escaping its duties and responsibilities under the law. As Texas law unequivocally demands adequate compensation and compliance with the Texas Property Code when a governmental entity effects a taking, the trial court erred in concluding SPI showed itself to be entitled to judgment as a matter of law that it should not be held liable because it was a private contractor.

Additionally, SPI's line of reasoning, taken to its logical conclusion, would cause potential conflicts with the Texas Constitution. Article 3, section 52 (a) states: "(a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value

10

in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company. However, this section does not prohibit the use of public funds or credit for the payment of premiums on nonassessable property and casualty, life, health, or accident insurance policies and annuity contracts issued by a mutual insurance company authorized to do business in this State." If SPI was truly a private contractor of TXDOT, it is axiomatic to conclude they would have immediately offered a contract showing same. The rationale is simple: if they did this work as a private contractor for TXDOT, then such action would violate Article 3, section 52(a). Further, if it is permissible under law for SPI to be a private contractor of TXDOT, the logical conclusion is a municipal corporation which engages in business just like a private sector corporation with one shining exception: taxpayer money is being spent. If SPI can be a private contractor of TXDOT, nothing would stop SPI from contracting out its engineer, its attorney, its police, etc., to the private sector. At no point in the record does SPI limit its being a private contractor to another governmental entity. Even then, such would be in violation of the Texas Constitution as taxpayer resources are being used while getting nothing in return.

Based upon the evidence contained in the record, the trial court erred in granting judgment for SPI as a matter of law because a fact issue existed as to whether SPI was a private contractor of TXDOT and this Court of Appeals should reverse that decision.

Finally, it is undisputed this is SPI's project alone, a fact which was also acknowledged by the trial court. (1 RR 10:22-11:6; 5 RR 14:8-10; 1 CR 26-27; 1 CR 206). In fact, in a Project Cooperation Agreement SPI signed with the Texas General Land Office ("GLO"), SPI, *solely*, is listed as their "Qualified Project Partner". (2 CR 80). SPI argues it was a private contractor of TXDOT on SPI's own project. It defies logic to argue that one can be a private contractor of one's own project. Regardless, it was SPI's burden to prove, as a matter of law, SPI could be a private contractor of its own beach re-nourishment project, and offered no evidence of same. Despite the opportunity to respond, SPI suggested there "is an appellate court that they can listen to all those arguments…" (5 RR 14:24-25). Consequently, the trial court erred in granting summary judgment on the issue that SPI showed itself to be a private contractor of TXDOT on its own project.

B. WHETHER THE TRIAL COURT ERRED IN GRANTING THE TOWN OF SOUTH PADRE ISLAND'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THE TOWN HAD NOT PERFORMED AN INTENTIONAL ACT SHOWING IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF WHETHER IT HAD TAKEN PROPERTY IN VIOLATION OF ARTICLE I, SECTION 17 OF THE TEXAS CONSTITUTION.

*Applicable Law*

To properly assert an inverse-condemnation claim against a governmental entity, a party must plead that the governmental entity (1) engaged in a specific act that resulted in the taking or damaging, or destroying of private property; (2) engaged in the act intentionally, i.e., either knowing that the specific act was causing identifiable harm or knowing that specific property damage was

12

substantially certain to result; and (3) took the property for a public use. *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005); *Tarrant Regional Water District v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004); *see also City of San Antonio v. Pollock*, 284 S.W.3d 809, 812 (Tex. 2009) (Holding the government must know that "a specific act is causing identifiable harm" or know that "specific property damage is substantially certain to result from an authorized government action").

In evaluating the objective indicia of a city's intent, a court must evaluate any evidence regarding what the city was told about the consequences of the action before the city took the complained-of action. *Wilson*, 168 S.W.3d at 829. A city's intent is determined at the time it acted and is not looked at through the distorting effect of later-acquired knowledge. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 821 (Tex.2009). *See also City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex.2004) ("We therefore hold that when a governmental entity may be liable under Article I, Section 17 if it (1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action – that is, that the damage is 'necessarily an incident to, or necessarily a consequential result of' the government's action.") (citing *Texas Highway Dep't v. Weber*, 219 S.W.2d 70, 71 (1949)).

"Taking," "damaging," and "destruction of one's property are three distinct claims arising under Article I, Section 17 of the Texas Constitution. *Steele v. City of Houston*, 603 S.W.2d 786, 789-791 (Tex.1980).

*Application to Facts*

The record before this Court of Appeals for the Thirteenth District establishes that not only did SPI fail to meet its burden of showing itself entitled to judgment as a matter of law, but proved the reciprocal was true. The record shows that SPI and TXDOT, as a matter of law, performed specific and intentional acts which resulted in a taking of Wells' property.

Specifically, the issue of intent (i.e., knowing that specific property damage was substantially certain to result from SPI's actions) was at the heart of the argument during this hearing. SPI freely and eagerly admitted to operating vehicles which took the sand belonging to Wells to their beach. SPI's attorney eloquently states: "All we did was haul the sand away." (2 RR 4:17-18). At no point does SPI argue driving a vehicle is not an intentional act (nor is it suggested it should so argue). Wells' property suffered damage on two fronts: 1) the removal of the sand off the property; and 2) the taking of the sand to the beaches. As noted, "taking," "damaging," and "destruction of one's property are three distinct claims arising under Article I, Section 17 of the Texas Constitution. *Steele v. City of Houston*, 603 S.W.2d 786, 789-791 (Tex.1980). Taking is defined as "carrying off without permission". (Dictionary.com) (5 RR 14:19-20). The damage to Wells' property was the actual taking of the sand by SPI. SPI was the actor who intentionally took the sand from Wells' property to the beach. This taking by SPI was one of the causal connections Wells' damage. When one takes property from

14

another and deprives them of a thing of value, it is a fact that loss of a thing of value is a substantial certain result.

Consequently, when a governmental entity acts intentionally, here by operating a vehicle which carries away property (i.e., sand) which that governmental entity has been put on notice belongs to a private person or persons for the sole purpose of renovating its beaches, that entity has effected a taking in violation of the Texas Constitution. Operating the vehicle is an intentional act, and driving off with the sand owned by Wells is a "taking" which is a ***separate and distinct*** claim under Article I, Section 17 of the Texas Constitution, which caused the damage to Wells, and which was substantially certain to result from SPI's action. *Steele*, 603 S.W.2d at 789-791.

As noted, when evaluating the objective indicia of a city's intent, a court must evaluate any evidence regarding what the city was told about the consequences of the action before the city took the complained-of action. *Wilson*, 168 S.W.3d at 829. A city's intent is determined at the time it acted and is not looked at through the distorting effect of later-acquired knowledge. *Pollock*, 284 S.W.3d at 821. It was SPI's burden to establish as a matter of law that it did not perform an intentional act which resulted in a taking of Wells' property. SPI attempts to obfuscate this matter and putting the burden on Wells by claiming SPI must, in effect, "intentionally know" the sand belonged to Wells. (2 RR 6). In addition to attempting to improperly shift the burden to Wells, the error in this argument is that SPI is unable to claim it "did not know" and only "relied upon

15

that [TXDOT's] authority." 2 RR 5:17-18. SPI was put on notice by two items which are part of the Clerk's Record. The continued action of SPI to drive away with sand belonging to Wells, after being put on notice that Wells was the owner of the sand, was a cause-in-fact and a proximate cause of Wells' damage, namely, the loss of his valuable property.

Initially, as noted in an uncontroverted affidavit from Doyle Wells, which was part of Wells' Interlocutory Motion for Summary Judgment filed on or about July 29, 2009, Wells' informed SPI and TXDOT both verbally and in writing that they were removing sand that belonged to him. (1 CR 62-63).

Next, the attorney for Wells sent a letter to both SPI and TXDOT on or about February 28, 2008, while the takings were occurring, advising them to cease and desist taking the sand as it belonged to Wells and the other Plaintiffs. (1 CR 11-12 and 1 CR 215-216). It is simply the height of mendaciousness for SPI to argue it merely "relied on" the authority of TXDOT when it was put on notice repeatedly that such actions by it were in violation of the rights of Wells.

This letter was also part of Plaintiff's Original Petition. (1 CR 11-12). Perhaps most interestingly, this letter which SPI fought so hard to exclude was actually part of *their own evidence*, as it was included as an exhibit to the Affidavit of SPI's Public Works Director, which SPI filed in its Response to Plaintiffs' Motion for Interlocutory Summary Judgment. (1 CR 215-217).

Additionally, this letter was brought to the attention of the trial court, who stated: "I actually remember reading the letter before in previous hearings. The

16

issue is whether it is part of the file." (1 RR 16:12-14). As cited above, the letter is part of the Court's file. However, inexplicably, the trial court concluded SPI met its burden of proof and was entitled to judgment as a matter of law on the issue of whether SPI performed an intentional act that effectuated a taking.

Therefore, the trial court erred in granting judgment for SPI as a matter of law. The record establishes as a matter of law that SPI performed an intentional act by "driving off" with property owned by Wells and knowing with substantial certainty that such a taking would deprive Wells of his property and this Court of Appeals should reverse that decision, and render judgment for Wells regarding this issue.

Lastly, SPI by virtue of its arguments before the trial court on two occasions and by its own evidence created a fact issue which precluded summary judgment, which was erroneously granted by the trial court.

At both the summary judgment hearing in November of 2013 and the Motion for New Trial, SPI maintained they merely relied on the authority TXDOT had when arguing they did not commit any intentional act which caused damage. However, on or about June 30, 2009, Reuben Trevino, the Coastal Resources Manager, for SPI, completed the Project Goal Summary Application Form. (2 CR 43). On this application, Mr. Trevino completed the following section "2. Owner of sand source: TX DOT(?)" (2 CR 43). From its own employee, SPI admits it has no idea who owns the sand and so states. It seems incredulous the trial court could conclude SPI met its burden of proving there was no issue of material fact

17

when SPI, all on its own, creates a fact issue on the ownership of the property which was taken.

Consequently, the trial court erred in granting SPI's summary judgment on the basis that SPI met its burden of establishing, as a matter of law, it was entitled to judgment on the issue of whether it had performed an intentional act, and Wells respectfully requests this Court to reverse the decision of the trial court and render judgment in favor of Wells that SPI performed an intentional act which was the causal connection to Wells' damages.

## PRAYER

WHEREFORE, Wells respectfully prays that this Court reverse and vacate the trial court's Order granting a summary judgment for SPI, render judgment in favor of Wells as a matter of law that SPI performed an intentional act which resulted in a taking of and award Wells any and all costs and attorney's fees.

Respectfully submitted,

PRATT, AYCOCK & ASSOCIATES, PLLC

By:_____
    Michael B. Halla
    Texas Bar No. 24010082
    18383 Preston Rd., Suite 110
    Dallas, Texas 75379
    (972) 805.0919
    (972) 805.0929 (Facsimile)
    Mhalla@TxTnLaw.com

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of September, 2015, a true and correct copy of the foregoing document was served upon the following counsel in compliance with Texas Rules of Appellate Procedure 25.1(e) via Facsimile and Certified Mail and addressed as follows:

Paul Cunningham
Attorney for South Padre Island
lawofficepyc@sbcglobal.net


_____
Michael B. Halla

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(I)(3) OF THE TEXAS RULES OF APPELLATE PROCEDURE

I certify that this document brief was prepared with Microsoft Word 2010, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 6,124 words.

_____
Michael B. Halla

THE TEXAS CONSTITUTION
ARTICLE 3. LEGISLATIVE DEPARTMENT

Sec. 52.  COUNTIES, CITIES OR OTHER POLITICAL CORPORATIONS OR SUBDIVISIONS; LENDING CREDIT; GRANTS; BONDS.  (a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.  However, this section does not prohibit the use of public funds or credit for the payment of premiums on nonassessable property and casualty, life, health, or accident insurance policies and annuity contracts issued by a mutual insurance company authorized to do business in this State.

LOCAL GOVERNMENT CODE
TITLE 8. ACQUISITION, SALE, OR LEASE OF PROPERTY
SUBTITLE A. MUNICIPAL ACQUISITION, SALE, OR LEASE OF PROPERTY

CHAPTER 251. MUNICIPAL RIGHT OF EMINENT DOMAIN

§ 251.001. RIGHT OF EMINENT DOMAIN.  (a) When the governing body of a municipality considers it necessary, the municipality may exercise the right of eminent domain for a public purpose to acquire public or private property, whether located inside or outside the municipality, for any of the following purposes:

(1)  the providing, enlarging, or improving of a city hall;  police station;  jail or other law enforcement detention facility;  fire station;  library;  school or other educational facility;  academy;  auditorium;  hospital;  sanatorium;  market house;  slaughterhouse;  warehouse;  elevator;  railroad terminal;  airport;  ferry;  ferry landing;  pier;  wharf;  dock or other shipping facility;  loading or unloading facility;  alley, street,

or other roadway;  park, playground, or other recreational facility;  square;  water works system, including reservoirs, other water supply sources, watersheds, and water storage, drainage, treatment, distribution, transmission, and emptying facilities;  sewage system including sewage collection, drainage, treatment, disposal, and emptying facilities;  electric or gas power system;  cemetery;  and crematory;

      (2)  the determining of riparian rights relative to the municipal water works;

      (3)  the straightening or improving of the channel of any stream, branch, or drain;

      (4)  the straightening, widening, or extending of any alley, street, or other roadway;  and

      (5)  for any other municipal purpose the governing body considers advisable.


LOCAL GOVERNMENT CODE
TITLE 8. ACQUISITION, SALE, OR LEASE OF PROPERTY
SUBTITLE A. MUNICIPAL ACQUISITION, SALE, OR LEASE OF PROPERTY

CHAPTER 251. MUNICIPAL RIGHT OF EMINENT DOMAIN


§ 251.002. PROCEDURE.  An exercise of the power of eminent domain granted by this chapter is governed by Chapter 21 of the Property Code.

# APPENDIX B

# RULES

Texas Rules of Civil Procedure, Rule 166a:

(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be Filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may File and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on File at the time of the hearing, or Filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

**APPENDIX C**

**ORDER OF TRIAL COURT**

Cause No. 2008-03-001374-B

| | | |
|---|---|---|
| DOYLE WELLS, SEA OATS INVESTMENTS I, L.P, AND QUIXOTE DUNES, INC., *Plaintiffs,* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | CAMERON COUNTY, TEXAS |
| TEXAS DEPARTMENT OF TRANSPORTATION AND TOWN OF SOUTH PADRE ISLAND, TEXAS, *Defendants* | §<br>§<br>§<br>§ | 138TH JUDICIAL DISTRICT |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

On the 19th day of November 2013, the Court heard the Motion for Summary Judgment of Defendant, the City of South Padre Island, Texas (City), and the Court took the same under advisement. Simultaneously, the City filed its Objection to the Affidavit of Plaintiff, Doyle Wells, in Opposition to the City's Motion for Summary Judgment. After consideration of the motion, objection, and the arguments of the parties and/or their representatives, the Court is of the opinion that the motion is meritorious.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the City's objection to the Affidavit of Doyle Wells is hereby in all things SUSTAINED; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and hereby is, in all things GRANTED.

Signed on the _30_ day of _January_, 2014.

_____
Judge Presiding

FILED _11:32_ O'CLOCK _A_ M
AURORA DE LA GARZA, CLERK

JUN 3 0 2014

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

COPIES TO; 7/1/14
LARRY M POLSKY
THORNTON O WOOD
PAUL Y CUNNINGHAM JR